**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FOOD & WATER WATCH<br>1616 P Street NW, Suite 300<br>Washington, DC 20036,<br><br>*Plaintiff*,<br><br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY<br>1200 Pennsylvania Avenue NW<br>Washington, DC 20460,<br><br>*Defendant*. | Civ. No. ____________ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the Environmental Protection Agency ("EPA") to release non-exempt information concerning the status of EPA's Animal Agriculture and Water Quality Subcommittee ("AAWQ Subcommittee") of the Farm, Ranch, and Rural Communities Federal Advisory Committee ("FRRCC"). EPA established the AAWQ Subcommittee to analyze how to improve oversight of concentrated animal feeding operation ("CAFO") water pollution. These records are essential to Plaintiff Food & Water Watch's ("FWW") efforts to monitor, analyze, and disseminate information to the public about how EPA operates, how the deactivation of the AAWQ Subcommittee will impact CAFO water pollution, and how to hold the agency accountable on important matters of public interest.

2. Despite FWW properly submitting a FOIA request for information on February 18, 2026, nearly eight months later EPA has not yet made a final determination on FWW's

request, released any responsive records, or even committed to a timeline for rolling production in response to FWW's long-overdue request. As such, FWW has been forced to seek judicial intervention to compel EPA's compliance with federal law.

**JURISDICTION**

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

4. Plaintiff FWW is a national nonprofit headquartered in Washington, DC. For more than twenty years, it has mobilized people to build political power and championed bold and uncompromised solutions to the most pressing food, water, and climate problems of our time. FWW uses grassroots organizing, media outreach, public education, research, policy analysis, and litigation to protect people's health, communities, and democracy from the growing destructive power of the most influential economic interests. FWW is the requester of the information at issue and entitled to a waiver of fees, as set forth in the FOIA request at issue.

5. FWW utilizes various means of communication to update its members and activists, as well as the media and general public, on government activities that may impact human health and the environment. These methods include, but certainly are not limited to, providing essential information in easy-to-read reports, a quarterly newsletter, fact sheets, press statements, volunteer meetings, webinars, and other events, phone calls and text messages, letters to the editor, email alerts, and website content. FWW has been at the forefront of monitoring the second Trump Administration's attacks on science-based public health standards, a clean environment, and federal agencies themselves. It has risen to this task by developing expert analysis designed to inform its members and supporters, members of the media, Congress, and

the general public. Relevant here, FWW has long advocated for stronger EPA regulation of CAFO pollution under the Clean Water Act and FWW has staff representation on the AAWQ Subcommittee. FWW is a widely recognized leading voice and source of expert information and analysis for the public regarding the debate over the government's role in regulating industrial agriculture and its pollution, to which Americans are regularly exposed. As such, FWW tracks and disseminates information related to CAFO pollution and industrial agriculture. For instance, FWW has developed and maintains an online Factory Farm Map that makes U.S. Department of Agriculture Agricultural Census data easily accessible and understandable to the public. FWWs work on CAFO pollution and EPA regulation of CAFOs has been cited by major national and international news media sources.

6. Defendant EPA, a federal agency, established the AAWQ Subcommittee under the Federal Advisory Committee Act ("FACA"), 5 U.S.C. § 1001-1014, and is in possession of the records at issue in this suit.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

### A. The Freedom of Information Act

7. "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (citations omitted). FOIA was enacted to "permit access to official information long shielded unnecessarily from public view" by creating a "right to secure such information from possibly unwilling official hands." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective of the Act." *John Doe*, 493 U.S. at 152 (citation omitted).

8. Once an agency receives a request for records under FOIA, the agency must "determine within 20 [working] days . . . whether to comply with such request" and must "immediately notify the person making such request of such determination and the reasons therefor," and of "the right of such person to appeal to the head of the agency" any "adverse determination." 5 U.S.C. § 552(a)(6)(A)(i). When an agency makes a determination to comply with a FOIA request, the agency must make the records "promptly available," *Id.* § 552(a)(3)(A), (a)(6)(C)(i), "which . . . typically . . . mean[s] within days or a few weeks of a 'determination,' not months or years." *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) (quoting 5 U.S.C. § 552(a)(6)(C)(i)); *see also Long v. IRS*, 693 F.2d 907, 910 (9th Cir. 1982) (holding that an agency's "unreasonable delays in disclosing nonexempt documents violate[s] the intent and purpose of" FOIA, and "courts have a duty to prevent these abuses"). FOIA requires agencies of the federal government to conduct a reasonable search for requested records and to release them to a requester, unless one of nine specific statutory exemptions applies to the requested information. 5 U.S.C. § 552(a)(3), (b).

9. FOIA also requires agencies to provide requesters "information about the status of a request," including "an estimated date on which the agency will complete action on the request." *Id.* § 552(a)(7)(B)(ii).

10. FOIA requires federal agencies to release all non-exempt segregable information that is requested. *Id.* § 552(b).

11. FOIA requires that an agency make a "determination" regarding a request within the statutory time period. *Id.* § 552(a)(6)(A). To constitute a determination, "the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents;

and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Resp. & Ethics in Wash.*, 711 F.3d at 188. Where the agency issues a determination that is adverse to the requester, the requester may appeal the adverse determination to the agency within ninety days. 5 U.S.C. § 552(a)(6)(A).

12. FOIA generally requires the exhaustion of administrative remedies prior to filing suit in federal court. *Id.* § 552(a)(6). However, a requester is deemed to have exhausted administrative remedies "if the agency fails to comply" with the statutory response periods for a FOIA request or an administrative appeal. *Id.* § 552(a)(6)(C). In such a case, the requester may immediately seek judicial review in federal district court. *See, e.g.*, *Jud. Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003) ("A requester is considered to have constructively exhausted administrative remedies and may seek judicial review immediately if . . . the agency fails to answer the request within twenty days."); *Agolli v. Off. of Inspector Gen., U.S. Dep't of Just.*, 125 F. Supp. 3d 274, 281 (D.D.C. 2015) ("Plaintiffs are considered to have constructively exhausted their remedies if the agency does not respond to a request within 20 business days (or 30 working days in unusual circumstances), . . . or if the agency does not respond to an administrative appeal within 20 business days." (first citing *Citizens for Resp. & Ethics in Wash.*, 711 F.3d at 184; and then citing *Aftergood v. CIA*, 225 F. Supp. 2d 27, 29–30 (D.D.C. 2002))).

13. Federal courts are authorized under FOIA "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

14. EPA is a federal "agency" within the meaning of and subject to FOIA. *Id.* § 552(f)(1).

**B. EPA's AAWQ Subcommittee**

15. In November 2023, EPA announced the formation of the AAWQ Subcommittee of the FRRCC pursuant to FACA and requested nominations for membership. *See* Notice To Establish Animal Agriculture and Water Quality Subcommittee and Solicitation of Nominations for Membership, 88 Fed. Reg. 78746 (Nov. 16, 2023). EPA established the Subcommittee to provide recommendations to EPA on how to improve implementation of the Clean Water Act for CAFOs, including recommendations about needed changes to the agency's regulations. *Id.*

16. In May 2024, EPA announced the selection of members of the AAWQ Subcommittee and the Subcommittee met three times in 2024. *See* Notice of Public Meeting Animal Agriculture and Water Quality Subcommittee, 89 Fed. Reg. 42873 (May 16, 2024); Farm, Ranch, and Rural Communities Advisory Committee (FRRCC) and Animal Agriculture and Water Quality Subcommittee (AAWQ); Notice of Public Meetings, 89 Fed. Reg. 58732 (July 19, 2024); Notice of Public Meeting Animal Agriculture and Water Quality Subcommittee, 89 Fed. Reg. 92681 (Nov. 22, 2024). The Subcommittee has not met since 2024.

17. As of the filing of this Complaint, EPA has provided no reasoning or notice for why it made the AAWQ Subcommittee inactive. *See* EPA, *FRRCC Subcommittees*, https://www.epa.gov/faca/frrcc-subcommittees (last visited Sept. 23, 2026).

**C. FWW's February 18, 2026, FOIA Request to EPA**

18. Plaintiff FWW submitted a FOIA request to EPA on February 18, 2026. *See* Exhibit 1 (Feb. 18, 2026, FOIA Request).

19. FWW's FOIA request sought copies of records, from January 1, 2025 through the date of the request (i.e., February 18, 2026), including:

- Any and all records relating to the status of the AAWQ Subcommittee, including records related to stopping the work and meetings of the AAWQ Subcommittee and rendering it inactive;
- Internal EPA communications relating to the AAWQ Subcommittee;
- External communications between EPA and state and federal agencies, committee members of AAWQ or FRRCC, agricultural industry groups, or the AAWQ Subcommittee facilitation consultant firm, relating to the AAWQ Subcommittee.

20. On February 18, 2026, FWW received an email from EPA confirming that it had received FWW's FOIA request. Exhibit 2 (Feb. 18, 2026 Email). In that email, EPA designated this FOIA request with FOIA tracking number 2026-EPA-03023. *Id.*

21. On February 19, 2026, EPA emailed FWW stating that FWW's "FOIA request was received and assigned for processing." Exhibit 3 (Feb. 19, 2026 Email).

22. On February 20, 2026, EPA emailed FWW a letter granting FWW's fee waiver request. Exhibit 4 (Feb. 20, 2026 Letter).

23. On March 17, 2026, EPA emailed FWW providing that an initial review of FWW's "request indicat[ed] a need to consult with, and collect records from, multiple components of the Agency (unusual circumstances)." Exhibit 5 (Mar. 17, 2026 Email). EPA stated that FWW's request was "placed on the 'complex' processing track" and gave an estimated completion date of June 26, 2026. *Id.*

24. On June 25, 2026, EPA emailed FWW a substantially identical email stating that an initial review of FWW's "request indicat[ed] a need to consult with, and collect records from, multiple components of the Agency (unusual circumstances)." Exhibit 6 (June 25, 2026 and July 15, 2026 Emails). EPA stated that FWW's request was "placed on the 'complex' processing track" and gave an estimated completion date of September 22, 2026. *Id.* EPA did not acknowledge its March 2026 email nor its previous estimated completion date of June 26, 2026.

*Id.* FWW responded via email to EPA, explaining that EPA had already informed FWW in a substantially identical email in March that its request had been placed on the complex track and that the estimated completion date would be June 26, 2026. *Id.* FWW requested an update on the progress made to date, asked for an explanation of the changed timeline, and offered to discuss ways to prioritize certain records to facilitate rolling productions. *Id.*

25. On July 15, 2026, FWW again emailed EPA, requesting an update on the status of the records, asking for a clarification on the differing timelines for an estimated completion date, and asking for an explanation for the delay in the release of the records. *Id.* FWW again offered to discuss ways to prioritize productions. *Id.*

26. On September 17, 2026, EPA emailed FWW with a substantially identical email from EPA's March 17 and June 25 emails. Exhibit 7 (Sept. 17, 2026 Email). Once again, EPA stated that an initial review of FWW's "request indicat[ed] a need to consult with, and collect records from, multiple components of the Agency (unusual circumstances)." *Id.* EPA stated that FWW's request was "placed on the 'complex' processing track" and gave an estimated completion date of December 4, 2026. *Id.* EPA did not acknowledge its March 2026 or June 2026 emails, nor its previous estimated completion dates of June 26, 2026 and September 22, 2026, nor FWW's emails to EPA seeking clarification.

27. As of the filing of this Complaint, EPA has not produced a single responsive record, provided any timeline for a rolling production of records, supplied any explanation why it failed to meet the June 26 or September 22 deadlines to which EPA committed for release of records, or responded to FWW's requests for a status report on EPA's progress in fulfilling this long-overdue request.

28. As of the filing of this Complaint, EPA has not issued a final determination as to FWW's February 18, 2026, request. Nor has EPA provided any information regarding the full scope of documents that the agency plans to withhold or redact under any FOIA exemptions.

29. As of the filing of this Complaint, EPA has failed to meet two estimated completion dates for FWW's February 18, 2026, request. Far more than twenty working days have elapsed since EPA received FWW's request.

30. As of the filing of this Complaint, EPA has not offered any explanation as to why it is unable to comply with FOIA's statutory deadlines.

**PLAINTIFF'S CLAIMS FOR RELIEF**

31. Plaintiffs incorporate all above paragraphs by reference herein.

32. By failing to issue a final determination regarding FWW's FOIA request within the statutorily mandated timeframe, EPA is in violation of FOIA, 5 U.S.C. § 552(a)(6).

33. By failing to make reasonable efforts to search for records responsive to FWW's request, EPA is in violation of FOIA, 5 U.S.C. § 552(a)(3).

34. By failing to disclose and produce records responsive to FWW's request without a legal basis for withholding such records, EPA is in violation of FOIA, including but not limited to 5 U.S.C. § 552(a)(3)(A), (4), (6)(A).

35. By failing to provide any justification or explanation for the agency's delay in processing, issuing a final determination on, and disclosing records responsive to FWW's FOIA request, EPA is in violation of FOIA, including but not limited to 5 U.S.C. § 552(a)(4), (6).

36. By failing to provide any explanation as to why processing FWW's FOIA request within the statutorily mandated timeframe is impracticable, EPA is in violation of FOIA, including but not limited to 5 U.S.C. § 552(a)(4), (6).

37. By failing to provide FWW all non-exempt information that FWW has requested under FOIA, EPA is in violation of FOIA, 5 U.S.C. § 552(a)(3).

38. Plaintiff FWW has a right to obtain the requested information, and EPA has demonstrated no lawful basis for withholding it.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. Declare that EPA is in violation of FOIA for multiple reasons, including but not limited to: failing to timely respond to FWW's February 18, 2026, FOIA request; failing to make a timely determination on this request and to promptly release responsive records; and improperly withholding responsive, nonexempt information;

2. Enjoin EPA from withholding nonexempt information that is responsive to FWW's February 18, 2026, FOIA request;

3. Order EPA to immediately issue a final determination on FWW's February 18, 2026, FOIA request and promptly process and release all nonexempt information responsive to that request;

4. Award FWW its costs and attorney's fees; and

5. Award FWW such relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ William S. Eubanks II*
William S. Eubanks II
DC Bar No. 987036
EUBANKS & ASSOCIATES, PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(970) 703-6060
bill@eubankslegal.com

Tarah Heinzen
DC Bar No. 1019829
Food & Water Watch
1616 P Street NW, Suite 300
Washington, DC 20036
(202) 683-2457
theinzen@fwwatch.org

Emily Miller
*Pro hac vice application forthcoming*
Food & Water Watch
1616 P Street NW, Suite 300
Washington, DC 20036
(202) 683-2500
eamiller@fwwatch.org

*Counsel for Plaintiff*